Dear Supervisor Rea,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Does the Board of Private Schools have the Power to require a private,nonsectarian, bible training school, to license as a private school orwould such a school be exempt under the First Amendment?
The Board of Private Schools was authorized to license all privately owned vocational schools in Oklahoma that are not otherwise licensed or regulated pursuant to state law. Such authorization is set forth at 70 O.S. 21-101 to 70 O.S. 21-114 (1976) wherein the term "private school" is defined as follows:
 "The term "private school" shall mean any privately owned business school, flight school, trade school or other school offering resident or correspondence courses in the State of Oklahoma in which it gives training, for a consideration or remuneration, in any business, professional, trade, technical, or industrial occupation."
The Board is authorized to require licensing, including the posting of a surety bond for the protection of the students, whenever the school offers for consideration or remuneration, training in any business, professional, trade, technical, or industrial occupation.
However, to the extent that 70 O.S. 21-107 (1976) gives the Board the power to fix minimum standards, such standards may not be applied to courses which deal solely with religious topics. To allow the Board to apply these standards to courses which deal solely with religion would be a violation of the First Amendment. Whether or not a course being taught deals solely with religion is a question of fact.
It is, therefore, the opinion of the Attorney General that the Board ofPrivate Schools can require a private nonsectarian bible training schoolto be licensed, including the posting of a statutory surety, to theextent that such school is offering training for a consideration orremuneration in any business, professional, trade, technical, orindustrial occupation, but may not apply statutory standards ofinstruction to the extent that courses offered by such school deal solelywith religious subjects.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
KAY HARLEY JACOBS, ASSISTANT ATTORNEY GENERAL